**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1788**

EMERILDA IXCOY VICENTE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 24, 2021                          Decided: August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE , Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emerilda Ixcoy Vicente, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's oral decision denying Vicente's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[*] We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Vicente failed to show the requisite nexus between the asserted past persecution, or the feared future persecution, and a protected ground, *see Velasquez v. Sessions*, 866 F.3d 188, 195-96 (4th Cir. 2017) (reiterating the established principle that "the asylum statute was not intended as a panacea for the numerous personal altercations that invariably characterize . . . social relationships" and distinguishing the type of personally motivated conflicts that generally "fall[] outside the scope of asylum protection" (brackets and internal quotation marks omitted)). *See also*

---

[*] Vicente's brief is silent as to the denial of protection under the CAT. Thus, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waived the issue).

2

*Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence," and holding that, under this standard, the record did not compel a conclusion contrary to the agency's ruling that petitioner failed to satisfy the nexus element (internal quotation marks omitted)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Vicente* (B.I.A. July 1, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*